UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE PAWLOSKI, | ) | Case No. 1:24-cv-2048 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| IQ DATA COLLECTION SERVICES, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

Plaintiff Mike Pawloski filed a complaint against four Defendants alleging violations of the Fair Debt Collection Practices Act. (ECF No. 1.) On January 31, 2025, Plaintiff filed a joint stipulation of dismissal with prejudice of Defendant IQ Data International. (ECF No. 13.) On February 7, 2025, Plaintiff moved to dismiss Defendant Experian Information Solutions with prejudice. (ECF No. 14.) On February 20, 2025, Plaintiff filed a joint stipulation of dismissal with prejudice of Defendant Qualia Collection Services. (ECF No. 16.) On March 21, 2025, Plaintiff filed a notice of dismissal of Defendant Equifax Information Services. (ECF No. 17.)

Rule 21 provides that the court may at any time, on just terms, add or drop a party. Fed. R. Civ. P. 21. Unless the parties agree otherwise, the Court generally drops a party under Rule 21 without prejudice. *See Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 682 (6th Cir. 1988). Here, Plaintiff moves to dismiss Defendant Experian Information Solutions with prejudice. (ECF No. 14, PageID

#85.) Dismissal of a party under Rule 21 is committed to the sound discretion of the district court. *Hiller v. HSBC Fin. Corp.*, 589 F. App'x 320, 321 (6th Cir. 2015) (per curiam) (citing *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003)). Based on the Court's review of the record, and the failure of any party to object, the Court sees no reason not to dismiss Defendant Experian Information Solutions with prejudice.

Plaintiff and Defendant IQ Data International filed a proposed stipulation of dismissal with prejudice under Rule 41(a)(1)(A)(ii). (ECF No. 13.) Although IQ Data International appeared in the litigation, it never filed an answer. Accordingly, the Court construes that filing as a notice of dismissal under Rule 41(a)(1)(A)(i), which is self-executing under the Rule.

Plaintiff filed a notice of dismissal with prejudice as to Equifax Information Services under Rule 41(a)(1)(A)(i). (ECF No. 17.) This rule is self-executing, resulting in dismissal of Defendant Equifax Information Services.

After a defendant has filed an answer or a motion for summary judgment, a plaintiff may obtain a voluntary dismissal through "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). This type of dismissal generally is without prejudice. *Id.* Here, Defendant Qualia Collection Services filed an answer on December 24, 2024. Then, on February 20, 2025, Plaintiff and Defendant Qualia Collection Services filed a joint stipulation of dismissal with prejudice under Rule 41(a)(1)(A)(ii). (ECF No. 16). The joint stipulation of dismissal is signed by Plaintiff's counsel and Defendant IC Systems' counsel but is not signed

by all parties who have appeared. (ECF No. 16, PageID #90.) Defendant IQ Data International appeared but did not sign the stipulation.

Accordingly, the Court construes the stipulation to be brought under Rule 41(a)(2). Whether to grant dismissal "is within the sound discretion of the district court." *Id*. (citing *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). In exercising this discretion, courts consider whether "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id*. (citation and quotation omitted). To determine whether a defendant will suffer plain legal prejudice, a court considers factors such as: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," (3) "insufficient explanation for the need to take a dismissal," and (4) "whether a motion for summary judgment has been filed by the defendant." *Id*. (citation omitted). The factors and prospect of legal prejudice need not be considered where the plaintiff is moving for dismissal with prejudice. *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1062 (W.D. Ky. 2020).

In the interest of finality, because all other Defendants have been dismissed, and because both Plaintiff and Defendant Qualia Collection Services stipulated to the dismissal, dismissal of Defendant Qualia Collection Services with prejudice is appropriate.

For these reasons, the Court **DISMISSES** Defendants IQ Data International Inc., Qualia Collection Services, and Equifax Information Services **WITH**

**PREJUDICE**, **GRANTS** the motion **DISMISSING** Defendant Experian Information Solutions, Inc. **WITH PREJUDICE** (ECF No. 14), and closes this case.

    **SO ORDERED.**

Dated: April 11, 2025

 

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio